# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GEORGE R. CARTER, BAR NO. 169.

No. 70907

FILED

MAY 18 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney George R. Carter. Under the agreement, Carter admitted that he knowingly violated RPC 1.15 (safekeeping property) by improperly distributing client funds to a nonlawyer, and RPC 5.4 (professional independence) and RPC 5.5 (unauthorized practice of law) by allowing a nonlawyer to perform legal services under his auspices. Carter agreed to a 4-year suspension, to pay $206,879.51 in total restitution, and to pay the actual costs of the disciplinary proceedings, including a $750 assessment for staff salaries and costs.

Based on our review of the record and weighing "the dut[ies] violated, [Carter's] mental state, the potential or actual injury caused by [Carter's] misconduct, and the existence of aggravating or mitigating factors," *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). In particular, Carter knowingly violated duties owed to his clients and to the profession, resulting in actual or

SUPREME COURT
OF
NEVADA

(O) 1947A

17-16776

potential injury to both. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.12 and 7.2 (Am. Bar Ass'n 2015) (providing that, absent mitigating circumstances, suspension is the appropriate discipline for improperly dealing with client property and knowingly enabling the unauthorized practice of law). The record supports three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and three mitigating circumstances (timely good faith effort to make restitution or rectify consequences, full and free disclosure to disciplinary authority or cooperative attitude, and remorse). Considering all of these circumstances, as well as Carter's prior disciplinary record, the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession.[1] *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney George R. Carter from the practice of law in Nevada for a period of 4 years commencing from the date of this order. Further, as a condition precedent to seeking reinstatement, Carter shall pay $46,548.51 in restitution to the medical lienholders in case number SG14-0788 and $89,167 in case number SG14-0789, and if any of these amounts is remaining after the outstanding liens are paid the remainder is to be paid to Ivo and Kita Hurvitz. Carter shall further pay Dr. Holper $71,164 in restitution to resolve the outstanding liens owed to Dr. Holper's office prior to seeking reinstatement. Lastly, Carter shall pay

[1]We have considered the arguments addressed by Carter in his opening and reply briefs and conclude that they do not warrant any change in Carter's stipulated discipline.

SUPREME COURT
OF
NEVADA

(O) 1947A

the actual costs of the disciplinary proceedings, including a $750 assessment for staff salaries and costs, within 30 days from the date of this order or of receipt of the State Bar's bill of costs, whichever is later. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                               Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        George R. Carter
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court